UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21952-CIV-SEITZ
(04-20705-CR-SEITZ)
MAGISTRATE JUDGE P.A. WHITE

DARRYL RICHARDSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT OF
MAGISTRATE JUDGE**

# I. Introduction

The *pro se* movant, **Darryl Richardson,** has filed this motion to vacate, pursuant to 28 U.S.C. §2255, challenging the constitutionality of his original, 2006 sentence and the 2017 resentencing and resulting judgment for conspiracy to distribute five kilograms or more of cocaine, entered following a jury verdict in **case no. 04-20705-Cr-Seitz.**

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2255 Proceedings.

_____

[1]Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

Because the movant is not entitled to post-conviction relief, summary dismissal is warranted so that the government has not been ordered to file any response herein. See Broadwater v. United States, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

Before the Court for review are the movant's §2255 motion (Cv-DE#1) with supporting memorandum (Cv-DE#3), the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), along with all pertinent portions of the underlying criminal file, as well as, the movant's relevant, prior §2255 proceeding, assigned case no. 15-23827-Civ-Seitz.[2]

## II. <u>Claims</u>

This court, recognizing that movant is *pro se,* has afforded him liberal construction, in accordance with the Supreme Court's decision in <u>Haines v. Kerner</u>, 404 U.S. 419 (1972). As can best be discerned, the movant raises the following **3 grounds** for relief, as follow:

     1.   He was unlawfully assessed a criminal

---

judge must dismiss the petition and direct the clerk to notify the petitioner...."

    [2]The court may take judicial notice of its own records as contained on the Court's electronic docketing system. <u>Fed. R.Evid</u>. 201; <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994), <u>Allen v. Newsome</u>, 795 F.2d 934, 938 (11th Cir. 1986); <u>United States v. Glover</u>, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(<u>citing</u> <u>United States v. Rey</u>, 811 F.2d 1453, 1457 n.5 (11 Cir. 1987)(finding the district court may take judicial notice of the records of inferior courts). The undersigned takes judicial notice of its own records, as contained on CM/ECF, in those proceedings. <u>See</u> <u>Fed.R.Evid</u>. 201.

history point for a prior state court conviction that had been vacated. (Cv-DE#1:4).

2. He was denied effective assistance of counsel at the 2017 resentencing hearing, where his lawyer failed to object to the possession of a weapon enhancement as contained in the PSI. (Cv-DE#1:5).

3. He was denied effective assistance of counsel at the 2017 resentencing hearing, where his lawyer failed to ensure that the movant receive all prior custody credit towards the current resentencing judgment. (Cv-DE#1:7).

### III. Procedural History

Briefly, the movant's convictions involved a conspiracy commencing on or about 1990 and continuing to on or about 2001, in Miami-Dade County, Florida. United States v. Richardson, 532 F.3d 1279 (11 Cir. 2008); (Cr-DE#245). Specifically, the movant was charged by Indictment with a sole count of conspiracy to distribute at least five kilograms or more of cocaine, in violation of 21 U.S.C. §841 and §846. (Cr-DE#3). The movant was the only defendant charged in the Indictment. (Id.). The government tried movant three times, with the first two trials failing to produce a unanimous verdict, but the third returning a finding of guilt, following a jury verdict. See United States v. Richardson, 532 F.3d at 1283.

The original PSI assigned movant a total offense level 40 and a criminal history category III, based on four criminal history points, assessed as follows: (1) one point for a 1993 judgment; (2) one point for a 1995 Fulton County State conviction and sentence for theft; and, (3) two points for committing the federal offense while on probation from the 1995 conviction.

(See 05cv23827:Cv-DE#5-Order Granting Motion to Vacate). Movant filed objections to the PSI, claiming there was insufficient evidence to identify him as the defendant in those prior convictions, but later withdrew the objections after the probation officer provided fingerprint verification. (Id.:2; Cr-DE#181). Thereafter, the movant was originally sentenced to a term of 360 months imprisonment, followed by 5 years supervised release. (Cr-DE#s187).

Movant prosecuted a direct appeal, raising multiple grounds for relief, two of which attacked the conviction and one of which challenged the sentence imposed claiming the court considered certain of the movant's illegal acts that would have been time-barred under the movant's multiple conspiracies theory. See United States v. Richardson, 532 F.3d at 1282. Movant, however, did not challenge the computation of his criminal history category, nor any of the criminal history points assessed in the PSI. On **July 3, 2008,** the Eleventh Circuit Court of Appeals *per curiam* affirmed the conviction and sentence in a published opinion. United States v. Richardson, 532 F.3d 1279 (11 Cir. 2008); (Cr-DE#245). Certiorari review was denied on **January 12, 2009.** Richardson v. United States, 555 U.S. 1120, 129 S.Ct. 950, 173 L.Ed.2d 146 (2009); (Cr-DE#246).

Thus, the movant's original judgment of conviction became final on **January 12, 2009,** when certiorari review was denied by the U.S. Supreme Court.[3] The movant had one year from the time his

---

[3] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002); Wainwright v. Sec'y Dep't of Corr's, 537 F.3d 1282, 1283 (11th Cir. 2007)(conviction final under AEDPA the day U.S. Supreme Court denies certiorari, and thus limitations period begins running the next day). Once a judgment is entered by a United States court of appeals,

judgment became final, or no later than **January 10, 2009,[4]** within which to timely file this federal habeas petition. See Insignares v. Fla. Dep't of Corr's,[5] 755 F.3d 1273, 1280 (11th Cir. 2014)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1293 (11th Cir. 2007), cert. den'd, 555 U.S. 1149, 129 S.Ct. 1033, 173 L.Ed.2d 315 (2009))(commencing the one year period from the date of resentencing, where state prisoner was resentenced as a result of a successful Fla.R.Cr.P. 3.850 motion), applying Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(other citations omitted). Applying the anniversary method to this case means movant's collateral attack to the original judgment of conviction and resultant sentence expired on **January 10, 2010.**

Before expiration of the federal limitations period, the movant returned to this court, filing his first motion to vacate, pursuant to 28 U.S.C. §2255, assigned case no. 09-22349-Civ-Seitz, in which he claimed that a 1995 state court conviction should not have been included in the PSI because it was "uncounseled." A Report recommending that the motion be denied on the basis that the claim raised therein was procedurally barred from review because it could have been, but was not raised on direct appeal, was adopted

---

a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[4]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

[5]In Insignares, the Eleventh Circuit found that, for purposes of the AEDPA, "judgment" refers to the underlying conviction and the most recent sentence that authorizes a petitioner's current detention. Id. The court noted that a resentencing results in a new judgment that restarts the AEDPA's one-year statute of limitations period. Id. (citing Ferreira, at 1292-1293).

by Order entered in September 2012. That denial was subsequently affirmed by the Eleventh Circuit Court of Appeals in April 2014. See Richardson v. United States, 556 Fed. Appx. 851, 853 (11th Cir. 2014). Undeterred, movant filed two more §2255 motions with this court, assigned Case Nos. 14-20063-Civ-Moreno and 14-22680-Civ-Seitz.

In the interim, during his pursuit of post-conviction attacks in the federal courts, petitioner returned to the state court in Fulton County filing multiple *pro se* petitions, assigned Case Nos. HC00614, HC692, requesting that his 1995 conviction in Case No. 95Cr170351, be vacated on the basis that it was uncounseled. His filings were all returned unprocessed or denied for lack of process (Cv-DE#3:12-Amended Order Vacating Sentence). Finally in October 2014, petitioner filed a counseled third petition, attacking the Fulton County conviction entered in Case No. 95cr170351, renewing the argument that the conviction was entered in violation of his Sixth Amendment right to be represented by counsel. (Id.). By written order entered on April 1, 2015, the state trial court in that proceeding vacated the sentence, but affirmed the conviction, relying on United States v. Acuna-Reyes, 677 F.3d 1282 (11 Cir. 2012).

On October 14, 2015, the movant returned to this court, filing another §2255 motion, assigned Case No. 15-23827-Civ-Seitz, requesting that his federal sentence be vacated in light of the vacatur of his 1995 Fulton County conviction which was used to determine his applicable guideline range. A Report was entered in that proceeding recommending that the case be dismissed as successive and time-barred. (15cv23827:Cv-DE#14). A hearing was held on November 8, 2016, to discuss the objections. (15cv23827:Cv-DE#26). The district court declined to adopt the Report, finding in

6

pertinent part that vacatur of a prior conviction after a first
2255 petition is decided will not result in dismissal of the second
2255 petition as successive, citing <u>Stewart v. United States</u>, 646
F.3d 856, 863 (11 Cir. 2011) and <u>Boyd v. United States</u>, 754 F.3d
1298, 1301-02 (11 Cir. 2014). The district court also found that
the movant had acted diligently in filing the second §2255 motion
after successfully challenging his 1995 state court judgment,
citing <u>Goldman v. Winn</u>, 565 F.Supp.2d 200, 220-21 (D. Mass. 2008)
and <u>cf.</u>, <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005).
(15cv23827:Cv-DE#36:7). The district court granted the §2255
motion, vacated his sentence, and directed the probation officer to
prepare an amended PSI to reflect the vacated 1995 state
conviction. (<u>Id</u>.:9).

While the foregoing proceedings were ongoing, movant also
filed a criminal motion to reduce his sentence, pursuant to 18
U.S.C. §3582, based on Amendment 782 to the U.S. Sentencing
Guidelines, which retroactively amended the U.S.S.G. Drug Quantity
Table used to calculate the movant's guideline range. (Cr-DE#253).
Under the Amendment, a base offense level 36 applies to offenses,
like the movant's, which involved between 150 and 450 kilograms of
cocaine. (Cr-DE#260). By Order entered on November 30, 2015, the
movant's motion was granted, and movant's total term of
imprisonment was reduced from 360 months to 292 months
imprisonment. (<u>Id</u>.).

Regarding the resentencing, in light of the vacatur of the
conviction, on June 13, 2017, the movant appeared for a
resentencing hearing. (Cr-DE#s279-280). On **June 20, 2017,** an
Amended Judgment was entered further reducing movant's sentence to
a total term of 232 months imprisonment, to be followed by 5 years
supervised release. (Cr-DE#280). It was also that the movant "**shall**

7

**receive credit for time served as applicable by statute.**" (Id.:2) (emphasis added). No appeal therefrom appears to have been prosecuted. At the latest, the Amended Judgment, following resentencing, became final on **Wednesday, July 5, 2017,**[6] after the 14-day period for filing a timely notice of appeal expired.[7]

Thus, the movant has one year from the time his resentencing judgment became final, or no later than **July 5, 2018,**[8] within which to timely file this federal habeas petition. See Insignares, 755 F.3d at 1280 (citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d at 1293 applying Burton v. Stewart, 549 U.S. 147).

Although still represented by counsel, movant filed a motion for clarification, explaining that he was in a Residential Drug Abuse Program ("RDAP"), but because the Bureau of Prison ("BOP") classified him as a "violent offender," it was denying him the benefit of a one year reduction in his sentence for successful

---

[6]Under Fed.R.Civ.P. 6(a)(1), "in computing any time period specified in ... any statute that does not specify a method of computing time ... [the court must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday. Where the dates falls on a weekend or legal holiday, the Undersigned has excluded that day from its computation.

[7]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1).

[8]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

completion of the program. (Cr-DE#281). By written order entered on January 31, 2018, the court found it was "not authorized to review a BOP offender classification." (Cr-DE#287). In so ruling, the Court found, in pertinent part, as follows:

> ...The Court imposed a two level enhancement pursuant to Section 2D1.1, commentary (11)(A) which provides that the enhancement for the weapon possession reflects the increased danger of violence when drug traffickers possess weapons and the enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense. The PSI provides that the weapon belonged to another drug dealer and that Defendant took the weapon and used it. Thus, the enhancement was correctly imposed.
>
> Notwithstanding the imposition of the enhancement, if the BOP, in its sole discretion, determines that Defendant's conduct while in custody and in the program merits the granting of the one year reduction, the Court would not oppose that decision.

(Cr-DE#287).

Undeterred, the movant has now returned to the court, filing the instant §2255 motion to vacate on **May 10, 2018,** just two months shy of expiration of the one-year limitations period following the time his conviction became final after resentencing, when he signed and handed it to prison officials for mailing in accordance with the mailbox rule. (Cv-DE#1:13).

## IV. General Legal Principles

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments,

pursuant to §2255, are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent ...."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations ... or supported by different legal arguments ... or couched in different language ... or vary in immaterial respects").

The movant raises multiple claims challenging counsel's effectiveness. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. Strickland v. Washington, 466 U.S. 668, 684-85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When assessing counsel's performance under Strickland, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance ...." Burt v. Titlow, ____ U.S. ____, 134 S.Ct. 10, 18, 187 L.Ed.2d 348 (2013). To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88.

To establish deficient performance, the movant must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. Strickland, supra. See also Cummings v. Sec'y for Dep't of Corr's, 588 F.3d 1331, 1356 (11th Cir. 2009)("To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place.")(internal quotation marks omitted). The Court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate but only [on] what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc), cert. den'd, 531 U.S. 1204 (2001)(quoting Burger v. Kemp, 483 U.S. 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638

(1987)). There are no absolute rules dictating what is reasonable performance because absolute rules would restrict the wide latitude counsel have in making tactical decisions. Id. at 1317. The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Chandler, 218 F.3d at 1313. Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Id. at 1313 n.12.

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A court need not address both prongs of Strickland if the defendant makes an insufficient showing on one of the prongs. Stickland, 466 U.S. at 697. See also Brown v. United States, 720 F.3d 1316, 1326 (11 Cir. 2013); Butcher v. United States, 368 F.3d 1290, 1293 (11 Cir. 2004). Further, counsel is not ineffective for failing to raise non-meritorious issues. Chandler v. Moore, 240 F.3d 907, 917 (11 Cir. 2001). Moreover, counsel is not required to present every non-frivolous argument. Dell v. United States, 710 F.3d 1267, 1282 (11 Cir. 2013).

A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional

assistance." Strickland, 466 U.S. at 689. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. Id. at 690-91. To uphold a lawyer's strategy, the Court need not attempt to divine the lawyer's mental processes underlying the strategy. "There are countless ways to provide effective assistance in any given case." Strickland, 466 U.S. at 689. No lawyer can be expected to have considered all of the ways. Chandler, 218 F.3d at 1316.

Since the sentence ultimately imposed upon the defendant is a "result of the proceeding," in order for a petitioner to satisfy the prejudice-prong of Strickland, he must demonstrate that there is a reasonable probability that his sentence would have been different but for his trial counsel's errors. See United States v. Boone, 62 F.3d 323, 327 (10th Cir.)(rejecting the defendant's claim that counsel was ineffective in part because the defendant failed to show "that the resulting sentence would have been different than that imposed under the Sentencing Guidelines"), cert. denied, 516 U.S. 1014 (1995). Thus, the Strickland test applies to claims involving ineffective assistance of counsel during the punishment phase of a non-capital case. See Glover v. United States, 531 U.S. 198 (2001)(holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established Strickland prejudice"); Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). If the petitioner cannot meet one of Strickland's prongs, the court does not need to address the other prong. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. See also Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, a §2255 movant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406-07 (11th Cir.1987). Bare, conclusory allegations

of ineffective assistance are insufficient to satisfy the
<u>Strickland</u> test. <u>See</u> <u>Boyd v. Comm'r, Ala. Dep't of Corr's</u>, 697 F.3d
1320, 1333-34 (11th Cir. 2012); <u>Garcia v. United States</u>, 456
Fed.Appx. 804, 807 (11th Cir. 2012) (<u>citing</u> <u>Yeck v. Goodwin</u>, 985
F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v. United States</u>, 962 F.2d
996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559
(11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir.
1990)(<u>citing</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S.Ct. 1621,
52 L.Ed.2d 136 (1977)); <u>United States v. Ross</u>, 147 F. App'x 936,
939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that the test is
not what the best lawyers would have done or even what most good
lawyers would have done, but rather whether some reasonable lawyer
could have acted in the circumstances as defense counsel acted.
<u>Williamson v. Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if
counsel's decision appears to have been unwise in retrospect, the
decision will be held to have been ineffective assistance only if
it was 'so patently unreasonable that no competent attorney would
have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (<u>quoting</u> <u>Adams v.
Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit
has framed the question as not whether counsel was inadequate, but
was counsel's performance was so manifestly ineffective that
"defeat was snatched from the hands of probable victory." <u>United
States v. Morrow</u>, 977 F.2d 222, 229 (6th Cir. 1992).

As will be demonstrated in more detail below, the movant is

not entitled to vacatur on the claims presented.[9] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the movant a fundamentally trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

## V.   **Discussion**

### A. **Procedurally Defaulted Claims**

Although claim 1 could have been, but was not raised on direct appeal, it is clear that the movant appears to argue as cause for the procedurally defaulted claim that counsel was ineffective for failing to pursue the issue at sentencing and then on appeal.

It is well settled that a claim is procedurally barred if a

---

[9]Briefly, the evidence against the movant was more than sufficient to support his convictions. The movant has not shown that the result of the trial or appeal would have been affected had counsel proceeded differently. Further, no denial of due process has been demonstrated. To the contrary, it is clear after independent review of the record that the movant received a fair trial, and that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to relief in this collateral proceeding.

movant fails to raise it on appeal. In that regard, there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. Belford v. United States, 975 F.2d 310 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). In order to overcome the bar, the movant must show cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, Engle v. Isaac, 456 U.S. 107 (1982). No such showing has been made here.

A claim of ineffective assistance of appellate counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Construed liberally, movant appears to argue as cause for failing to pursue the issue that he was denied effective assistance of counsel. However, a will be demonstrated below, he cannot succeed as claim 1, because he cannot satisfy the Strickland test, so that claim 1 which could have been, but were not raised on direct appeal, is barred from review in this collateral proceeding.

## B. Merits

In all three grounds for relief, movant challenges the

validity of his resentencing judgment and counsel's effectiveness in that regard. As will be demonstrated below, none of the claims individually, nor cumulatively, warrant habeas corpus relief.

In **claim 1**, movant asserts that he is entitled to a vacatur of his current sentence because a criminal history point was still charged for the prior state court conviction, entered in case no. 95-170351, which he claims was vacated in its entirety on April 1, 2015 by the Fulton County state court. (Cv-DE#1:4; Cv-DE#3:4). Movant suggests the state court never intended that this offense appear as a prior conviction on movant's record. (Id.). According to the movant, although the state court vacated the sentence in case no. 95-170351, it incorrectly re-affirmed the conviction. (Id.).

The Sentencing Guidelines, U.S.S.G. §§4A1.1 and 4A1.2 generally govern the number of criminal history points assessed for a defendant's previous crimes. See generally U.S.S.G. §§4A1.1, 4A1.2. Under U.S.S.G. §4A1.1(a), three criminal history points are added for each prior sentence of imprisonment exceeding one year and one month.[10] Specifically, U.S.S.G. §4A1.1(a)(3) provides that, "a conviction for which the imposition of execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c)." Movant provides support, in the form of a copy of the amended judgment in the state court conviction, which confirms that the sentence was vacated, but his conviction was affirmed.

Under U.S.S.G. §4A1.2(a), a prior sentence is "any sentence

---

[10]The application notes provides that the term "prior sentence" is defined at U.S.S.G. §4A1.2(a), and the term "sentence of imprisonment" is defined at U.S.S.G. §4A1.2(b). If a prior sentence of imprisonment was as a result of a revocation of probation, parole, or a similar form of release, as was the case here, the application notes dictate that we apply U.S.S.G. §4A1.2(k).

previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere." U.S.S.G. §4A1.2(a)(1). However, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered." Id. §4A1.2(f). Pursuant to U.S.S.G. §4A1.2(a)(3), the movant's prior state court conviction receives one criminal history point under §4A1.1(c).

The Eleventh Circuit has previously held that, while an offense in which the defendant entered a plea of nolo contendere and adjudication was withheld does not qualify as a prior sentence under §4A1.2(a)(1), it does qualify as a diversionary disposition that is properly counted as a "prior sentence" under §4A1.1(c). See United States v. Claret, 713 Fed. Appx. 863, 866 (11th Cir. 2017); United States v. Wright, 862 F.3d 1265, 1280 (11th Cir. 2017); see also United States v. Tamayo, 80 F.3d 1514, 1522 (11th Cir. 1996); United States v. Rockman, 993 F.2d 811, 813-14 (11th Cir. 1993).

One criminal history point is added, pursuant to U.S.S.G. §4A1.1(c), for a prior sentence that was not otherwise counted under another provision. U.S.S.G. §4A1.1(c). The term "prior sentence" is defined under the federal guidelines as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere that is not part of the instant offense." See U.S.S.G. §4A1.2(a)(1) (2017). The commentary to U.S.S.G. §4A1.2 also identifies certain sentences that are to be excluded from the definition of "prior sentence" when the conviction has been overturned or set aside. Thus, application note 6 provides:

> 6.  Reversed, Vacated, or Invalidated
> Convictions.  Sentences  resulting  from

convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.

In addition, application note 10 states:

10. Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

The exceptions, as noted above, are not applicable here. The movant's sentence in the case now challenged was not reversed or vacated due to errors of law or evidence exonerating him. The conviction was not ruled constitutionally invalid. Moreover, movant's sentence was not set aside. Even if, as the movant suggests, the entire sentence was set aside, application note 10 expressly states that it should be counted. See e.g., Chavez v. United States, 2000 WL 34019284 at *1-2 (D.R.I. Nov. 8, 2000); United States v. Castro-Vega, 945 F.2d 496 (2nd Cir. 1991)(where the court used the word "conviction" and not "sentence" when determining the criminal history category).

Given the foregoing, it appears from the record here that the assessment of one criminal history point was valid. Even if it was improper to do so, the movant still cannot prevail on this claim. As will be recalled, at the time of resentencing, the district

court adopted the PSI, agreeing that the total offense level was 38, and the criminal history category II, resulting in an advisory guideline range of 262 to 327 months imprisonment. (Statement of Reasons). The court then imposed a sentence otherwise outside the advisory guidelines, departing below the advisory guideline, pursuant to the 18 U.S.C. §3553(a) statutory factors. (Id.). Movant was ultimately sentenced to a term of 232 months imprisonment. Assuming arguendo that the one criminal history point had been removed, the movant still had another criminal history point remaining. (See PSI ¶38). As a result, his criminal history category would have been reduced from a criminal history category II to a category I. Based on a total offense level 38 and a criminal history category I, movant's guideline range would have been 235 to 293. Movant received a total term of 232 months imprisonment, a downward departure of 3 months from the guideline range calculated without the criminal history point challenged here. On this record, petitioner cannot demonstrate prejudice arising from counsel's failure to lodge objections to or otherwise challenge on appeal the fact that the probation officer still assessed a single criminal history point to the 95-170351 Fulton County conviction for simple battery/domestic violence. (PSI ¶40).

Given the 232-month term of imprisonment imposed herein, independent review of the record reveals that the sentence was more than reasonable and lawful. Review of a sentence for reasonableness require a two-step process, ensuring that the sentence is both procedurally and substantively reasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010). A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. §3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to

explain the sentence, including any deviation from the guideline range. United States v. Rodriquez, 628 F.3d 1258, 1264 (11th Cir. 2010).

The district court is not required to explicitly state that it considered the §3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. See United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11 Cir. 2010); United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). As noted herein, the court did, in fact, state that it had considered the statutory factors and then gave reasons why it imposed the sentence it did. Absent a showing that the court would have given him an even lesser sentence, the movant cannot prevail on the claim.

Even if the sentence is procedurally reasonable, the next set is to determine whether the sentence is substantively unreasonable. A sentence is substantively unreasonable if the district court clearly erred in weighing the §3553(a) factors and imposed a sentence outside the range of reasonable sentences. Turner, 626 F.3d at 573; United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Under this standard, a district court need only impose a sentence that is within the range of reasonableness. Gall, 552 U.S. at 51, 128 S.Ct. at 597.

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Dean, 635 F.3d 1200, 1209-1210 (11th Cir. 2011)(citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)); see also, United States v. Bostic, 645 Fed.Appx.

21

947, 948 (11th Cir. 2016)(unpublished);[11] <u>United States v. Tome</u>, 611 F.3d 1371, 1378 (11 Cir. 2010). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. <u>United States v. Talley</u>, <u>supra</u>.

Nevertheless, a district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in §3553(a), including the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; deter criminal conduct; protect the public from the defendant's future criminal conduct; and provide the defendant with educational or vocational training, medical care, or other treatment. <u>See</u> 18 U.S.C. §3553(a)(2).

In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. <u>Id</u>. §3553(a)(1),(3)-(7). In considering the §3553(a) factors, the district court does not have to discuss each one explicitly. <u>United States v. Gonzalez</u>, 550 F.3d 1319, 1324 (11th Cir. 2008). An acknowledgment that the court "has considered the defendant's arguments and the §3553(a) factors will suffice." <u>Id</u>.

The Eleventh Circuit has further determined that sentencing

---

[11]"Unpublished opinion are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

courts can consider relevant conduct, including acquitted conduct, "so long as the facts underlying the conduct are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict." United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006). Sentencing enhancements based on acquitted conduct do not violate the Fifth Amendment Due Process Clause or the Sixth Amendment. Id. at 1347-48. The sentencing court can also consider uncharged conduct in determining sentencing levels. United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006)(district courts are required to consider all relevant, not just charged, conduct in calculating the Guidelines range); see also United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) (the use of extra-verdict enhancements, under an advisory guidelines regime, is not unconstitutional).

Here, the record reveals that the court explicitly imposed a downward variance from the guideline range. Even when assuming it was error to assess the criminal history point as alleged, movant still received a sentence below the advisory guideline range resulting from the corrected criminal history category. Under the totality of the circumstances present here, there is nothing of record to show that the sentence imposed was procedurally nor substantively unreasonable, much less that, the sentence would have been less severe. The court did not clearly err, nor has movant demonstrated that counsel was ineffective for failing to lodge any further objection to the sentence imposed. Therefore, no deficient performance or prejudice under Strickland has been established arising from counsel's failure to lodge meritless objections at sentencing or on appeal. Relief is therefore not warranted.

Thus, even if counsel had done as alleged, and further ensured the court removed the additional criminal history point, and then

23

attempted to raise the issue on appeal, the appellate court would only have vacated the sentences "if, but only if," the court was left with the definite and firm conviction that the district court committed a clear error of judgment by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010)(en banc) (quotation omitted), cert. den'd, ___ U.S. ___, 131 S.Ct. 1813, 179 L.Ed.2d 772 (2011). Since movant cannot demonstrate that his sentence would have been less severe had counsel argued for a lesser sentence or otherwise further preserved the issue, he cannot show prejudice under Strickland. Thus, movant is entitled to no relief on the claims.

In related **claim 2**, movant asserts that he was denied effective assistance of counsel at the 2017 resentencing hearing, where his lawyer failed to object to the possession of a weapon enhancement as contained in the PSI. (Cv-DE#1:5).

The substantive claim underlying this ineffective assistance claim was raised by the movant in a motion for clarification in the underlying criminal case. (Cr-DE#281). The district court noted that U.S.S.G. §2D1.1, cmnt. 11(A) provides a 2-level enhancement when drug traffickers possess weapons and if the the weapon was present, unless it is clearly improbable that the weapon was connected to the offense. The court found the enhancement was proper because the facts set forth in the PSI reveals that the weapon belonged to another drug dealer and the petitioner took the weapon and used it. (See Cr-DE#287). Given this record, the movant has not demonstrated that had counsel raised further argument as suggested herein, that the court would have sustained the objection and removed the two-level enhancement. To the contrary, the opposite is true, given the court's findings in its order on

24

movant's motion for clarification. Therefore, movant has not demonstrated prejudice arising from counsel's failure to pursue this issue at sentencing and then on appeal. Consequently, he is not entitled to relief under Strickland and this claim must be rejected.

In **claim 3**, movant asserts that he was denied effective assistance of counsel at the 2017 resentencing hearing, where his lawyer failed to ensure that the movant receive all prior custody credit towards the current resentencing judgment. (Cv-DE#1:7). The movant can neither show deficient performance nor prejudice under Strickland. As noted previously in this Report, careful review of the 2017 resentencing judgment reveals that the district court did, in fact, order that the movant receive all prior custody credit for which he was entitled. Whether the BOP has properly credited petitioner accordingly is not within cognizable by way of a 2255 motion. Instead, because petitioner is challenging how the BOP is executing his sentence, the petitioner must file a habeas petition, pursuant to 28 U.S.C. §2241, but only after exhausting his administrative remedies with the federal BOP. Therefore, the movant has not demonstrated deficiency, much less prejudice, arising from counsel's failure to pursue this issue at sentencing or on appeal. The movant is not entitled to relief on this claim.

In conclusion, the record reflects that the petitioner received vigorous and able representation more than adequate under the Sixth Amendment standard. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner has, therefore, failed to demonstrate that he was deprived of constitutionally effective assistance of counsel for any or all of the reasons alleged above. Petitioner is not entitled to federal habeas corpus relief on any of the claims presented.

Finally, it is noted that this court has considered all of the movant's claims for relief. See Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013)(citing Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992)). For all of his claims, petitioner has failed to demonstrate that he is entitled to the relief requested. In other words, he has failed to satisfy Strickland's deficient performance and/or prejudice prong. Thus, to the extent a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed herein, the claim was considered and found to be devoid of merit, warranting no specific discussion herein.

## VI. **Evidentiary Hearing**

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Schriro v. Landrigan, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Townsend v. Sain, 372 U.S. 293, 307 (1963); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## VII. __Certificate of Appealability__

A prisoner seeking to appeal a district court's final order denying his/her petition for writ of habeas corpus has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). <u>See</u> 28 U.S.C. §2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 129 S.Ct. 1481 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he/she may bring this argument to the attention of the district judge in objections.

## VIII. __Conclusion__

For all of the foregoing reasons, is therefore recommended that this motion be DENIED on the merits; that no certificate of appealability issue; that a final judgment be entered; and, that the case be closed.

27

Objections to this report may be filed with the Chief Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>21</u>st day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Darryl Richardson, <u>Pro Se</u>
     Reg. No. 63986-004
     F.C.I.-Miami
     Inmate Mail/Parcels
     P.O. Box 779800
     Miami, FL 33177

     Noticing 2255 US Attorney
     Email: <u>usafls-2255@usdoj.gov</u>