UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-21952-CIV-SEITZ/WHITE

DARRYL RICHARDSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE,
DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE**

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE 4] and Movant's objections [DE 6]. In the Report, Magistrate Judge White recommends that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] be denied. For the reasons set forth below, the Report is affirmed and adopted, Movant's objections are overruled, and the Motion is denied.

Movant was resentenced on June 20, 2017, after successfully pursuing a § 2255 petition challenging his earlier sentence. Movant now challenges the 232-month sentence the Court imposed on June 20, 2017. Movant raises three grounds for relief: (1) in calculating his new guidelines range, he was unlawfully assessed a criminal history point for a prior state court conviction that had been vacated; (2) he was denied effective assistance of counsel at his 2017 resentencing because his lawyer failed to object to the possession of a weapon enhancement as contained in the PSI; and (3) he was denied effective assistance of counsel at his 2017 resentencing because his lawyer failed to ensure that the Movant received credit for time served on a prior state court sentence.

## I. Movant's Objections Are Overruled

The Report found that Movant could not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), as to any of his three claims. In order to establish an ineffective assistance of counsel claim, a petitioner must prove that: (1) counsel's representation of the movant fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the movant. *Strickland*, 466 U.S. at 687-88. Under the first prong of the *Strickland* standard, a movant bears a heavy burden: he "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### i. *Claim One*

Movant makes two objections to the Report's findings as to Movant's first claim. First, Movant objects to the Report's conclusion that this Court correctly applied Sentencing Guidelines §§ 4A1.1 and 4A1.2 by assessing Movant one criminal history point for a state court conviction which was upheld but its associated sentence was vacated. The Magistrate Judge found that, under the Guidelines, the conviction was the basis for assessing the criminal history point, not the sentence. While Movant objects to this finding, he has not provided any authority to support his argument. For the reasons discussed in the Report, the Court finds that it correctly assessed Movant one criminal history point for this prior state court sentence.

2

Next, Movant objects to the Report's finding that even if the assessment of the criminal history point was incorrect, Movant has not shown prejudice. The Report found that, even if the Court had not assessed that criminal history point, the sentence imposed fell below the Guideline range calculated without that point; thus, the sentence imposed was lawful and reasonable. The Report further found that, as a result, Movant cannot show prejudice. Movant maintains that without the criminal history point at issue his Guideline range would have been 235 to 293 months and that he still would have received the 30 month downward departure that the Court gave him at his resentencing.

However, under 18 U.S.C. § 3553(a), when imposing a sentence, a court must take numerous factors into consideration and "impose a sentence sufficient, but not greater than necessary[:] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Thus, while the Guidelines provide a starting point for imposing a sentence, a court fashions a sentence based on numerous considerations. Movant has not shown that when all of the § 3553(a) factors are taken into consideration he would have received the same 30 month downward departure if his Guideline range had been lower. Thus, Movant has not established prejudice. Accordingly, Movant's objections as to his first claim are overruled.

### ii. Claim Two

The Report found that Movant failed to establish that he suffered any prejudice because his counsel failed to object to a weapons enhancement at sentencing. Movant objects. While

3

admitting that he had the weapon during the commission of a drug crime, Movant argues that he had the weapon purely for self defense, not in furtherance of the drug crime. However, under Sentencing Guideline § 2D1.1(b)(1), the enhancement is for possession of a firearm, not possession in furtherance of the drug crime. Commentary 11(A) to this Guideline states that the "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Movant's statement that he brought the weapon for self defense undermines his argument because it connects the weapon to the drug crime. Thus, had Movant's counsel objected to the imposition of this weapons enhancement, the objection would have been futile. As such, Movant cannot show that he suffered any prejudice as a result of counsel's failure to make a futile objection. Accordingly, this objection is overruled.

### iii. Claim Three

In Claim Three, Movant argues that his lawyer was ineffective for failing to ensure Movant receive all prior custody credit towards his current resentencing judgment. The Report found that because Movant's resentencing judgment ordered that he "receive credit for time served as applicable by statute," Movant's claim was entirely without merit. Movant objects to this finding. However, Movant's statements in his objection undermine his objection.

The Report found that the BOP is the entity responsible for executing his sentence and thus this § 2255 motion is an inappropriate means of challenging that execution. In his objections, Movant states that it "is a correct assumption that the attorney general and the BOP are primarily responsible for ensuring that defendants receive credit for previous time served." [DE 6 at 7.] Having conceded that the BOP, not the Court, executes Movant's sentence and would apply any credit for time served, Movant has implicitly conceded that his claim is without

4

merit. Thus, Movant has not shown that his lawyer's conduct fell below an objective standard of reasonableness or that Movant suffered any prejudice.

Movant, citing Sentencing Guideline § 5G1.3(b), also argues in his objections that this Court, as the sentencing court, had discretion to reduce his sentence based on previous time served. This section of the Guidelines applies to "undischarged terms of imprisonment." The time for which Movant seeks credit was served; it is not part of an undischarged term of imprisonment. Thus, this section of the Guidelines is inapplicable. Therefore, counsel was not ineffective for failing to raise it. Accordingly, this objection is overruled.

## II. An Evidentiary Hearing is Unnecessary

Movant also objects to the Report's recommendation that an evidentiary hearing is unnecessary. A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of a movant are affirmatively contradicted by the record or when the contentions of a movant are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in the Magistrate Judge's Report and herein, Movant's claims are clearly contradicted by the record and are without merit. Thus, he is not entitled to an evidentiary hearing.

## III. A Certificate of Appealability Will Not Issue

The Court will also deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Movant's objections, it is

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE 4] is AFFIRMED and ADOPTED and incorporated by reference into this Court's Order.

(2) Movant's Motion to Vacate, Set Aside or Dismiss Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] is DENIED.

(3) Movant's Objections [DE 6] are OVERRULED.

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT.

(5) A certificate of appealability is DENIED.

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this _18_ day of June, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record/Pro se parties